FILED

2011 Jun-08  PM 04:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONALD COOPER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:11-CV-391-RDP** |
| | } | |
| **PENN NATIONAL INSURANCE** | } | |
| **COMPANY,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Plaintiff's Motion to Remand (Doc. # 3), filed March 3, 2011.  The motion has been fully briefed and is properly under submission before the court.  For the reasons discussed below, Plaintiff's motion is due to be granted.

## I.    FACTS

On April 9, 2010, Plaintiff filed suit in the Circuit Court of Jefferson County, Alabama, Bessemer Division, against April Vining and John Edward Foster[1] for claims related to a car accident.  (Doc. # 1 at 16-21).  On November 11, 2010, Plaintiff amended his Complaint to add a claim against Penn National Insurance Company ("Penn National") for uninsured and underinsured motorist benefits. (Doc. # 1 at 50-53).  On January 18, 2011, Plaintiff executed a pro tanto release as to Defendants Vining and Foster.  (Doc. # 5 at 5).  On January 20, 2011, a Pro Tanto Stipulation for Dismissal was filed in the state court. (Doc. # 1 at 13).  That document stipulated to the dismissal

---

[1] Subsequent to the filing of the action, Plaintiff learned that Foster was deceased at the time the lawsuit was filed. (Doc. # 3 at 3).

of Defendants Vining and Foster and was signed by attorneys for April Vining and Ronald Cooper. (Doc. # 1 at 13).  On February 4, 2011, Defendant Penn National removed the case to this court contending that, although it had not existed before, there was now diversity of citizenship as evidenced by the fact that the individual Defendants had reached a settlement with Plaintiff and those parties had filed a joint stipulation of dismissal as to the non-diverse parties. (Doc. # 1 at 1-3). Plaintiff filed a motion to remand arguing that this court lacks jurisdiction over this case because April Vining is still technically a defendant in this case.

## II.      MOTION TO REMAND STANDARD

Removal to federal court is proper for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

## III.     DISCUSSION

Plaintiff argues that this case is due to be remanded because this court lacks subject matter jurisdiction over the litigation.  Congress has enacted legislation that provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a).  Penn National argues that diversity of citizenship exists because the only remaining parties are Penn National, a citizen of Pennsylvania, and Ronald Cooper, a citizen of Alabama. (Doc. # 1 at 1-3). However, Plaintiff contends that April Vining, a citizen of Alabama, is still a defendant to this action because she was never dismissed from the case by the state court.

Rule 41(a) of the Alabama Rules of Civil Procedure provides:

(a) Voluntary Dismissal: Effect Thereof.
(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of Alabama, or of the United States, or of any state, an action based on or including the same claim.

(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action may be dismissed but the counterclaim shall remain pending for adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Ala. R. Civ. P. 41(a).  In other words, with two exceptions a dismissal can only be effectuated by court order.  Those exceptions are as follows: (1) a plaintiff files a notice of dismissal prior to service by an adverse party of an answer or of a motion for summary judgment or (2) *all* parties who have appeared in an action sign a joint stipulation of dismissal.

In this case, it is clear that there was no order from the state court dismissing the non-diverse Defendants prior to Penn National's removal.  Thus, the question is whether the parties' actions meet either circumstance described in Alabama Rule 41(a) that would allow for a dismissal without a court order.  To begin the analysis, the court notes that it is clear that the joint stipulation of dismissal was filed with the court after an answer was filed.  Thus, in order for the non-diverse defendants to be dismissed without a court order, there must be a joint stipulation of dismissal signed by *all* parties who had entered an appearance in the action.  By the time the joint stipulation of dismissal was filed

3

on January 20, 2011, two defendants had made an appearance in the case, April Vining and Penn National.  However, the only signatures on the joint stipulation of dismissal are those of counsel for Plaintiff and April Vining.  Because there was neither a court order dismissing April Vining from the lawsuit, nor a joint stipulation signed by *all* parties filed with the court, it is clear that April Vining is still a party to this litigation.  Because April Vining, an Alabama resident, is still a party to the lawsuit, there is no complete diversity of citizenship between the parties.  Accordingly, this court does not have subject matter jurisdiction over the litigation and must remand the case to the Circuit Court of Jefferson County, Alabama, Bessemer Division.[2]

## IV.  CONCLUSION

Because this court does not have subject matter jurisdiction over this action, it must remand this case back to the Circuit Court of Jefferson County, Alabama, Bessemer Division.  Accordingly, Plaintiff's Motion to Remand (Doc. # 3) is due to be granted.  An order consistent with this memorandum opinion will be entered.

DONE and ORDERED this _____8th_____ day of June, 2011.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's Motion for Leave to Amend Complaint (Doc. # 13) is also pending before the court.  However, because the court finds that it does not have jurisdiction over this matter, it cannot rule on Plaintiff's motion.  The court understands that the motion will remain pending before the state court on remand.

4